UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE,

    Plaintiff,

v.                                                Case No. 8:22-cv-2483-TPB-CPT

NEIGHBORHOOD RESTAURANT
PARTNERS d/b/a APPLEBEE'S,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S "MOTION TO SEAL CIVIL SUIT"

This matter is before the Court on Plaintiff's *pro se* "Motion to Seal Civil Suit," filed on November 8, 2022. (Doc. 8). After reviewing the motion, court file, and the record, the Court finds as follows:

In her motion, Plaintiff seeks for this entire case to be placed under seal because "going through this process already cost [her] a job." She does not provide any additional information. Based on the allegations of the complaint, the Court infers that her request is made based on her assertion that she is a victim of sexual assault.

Initially, the Court finds that Plaintiff has failed to comply with the requirements of Local Rule 1.11. Specifically, Plaintiff has failed to state the reason that sealing the item is necessary, has failed to explain why partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory, has failed

to propose a duration of the seal, and has failed to include a legal memorandum supporting the seal.

However, regardless of her failure to comply with this rule, the Court would still deny relief. There is a common law right of access to judicial records, and a "strong presumption of openness does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation omitted); *see Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (explaining that "[a]bsent a showing of extraordinary circumstances," a court file must remain accessible to the public). As such, a party requesting to seal any portion of a judicial record "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller*, 16 F.3d at 551 (internal quotation omitted). A party seeking to seal an entire record bears an even heavier burden. *Id.*

After considering the motion, the Court finds that Plaintiff has not met her burden of demonstrating that this civil case or any portion thereof should be sealed. *See Brownlee v. Monroe County Correctional Facility*, No. 1:18-cv-1318, 2019 WL 2160402, at *3 (M.D. Pa. May 17, 2019) (finding that an allegation that the media would exploit details of a plaintiff's rape as a form of entertainment for the public was too speculative to justify sealing the entire case); *Doe v. Family Dollar Stores, Inc.*, No. 1:07-cv-1262-TWT-CCH, 2007 WL 9706836, at *4 (N.D. Ga. Oct. 17, 2007) (concluding that an individual's privacy interest as a sexual assault victim was not

strong enough to override the judicial presumption of openness).  Consequently, Plaintiff's motion to seal this case is denied.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>1st</u> day of December, 2022.

                      **TOM BARBER**
                      **UNITED STATES DISTRICT JUDGE**