**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHARMAINE SAUNDERS**, an Individual.

Plaintiff,

v.

Case No.: **8:22-CV-2483-TPB-CPT**

**NEIGHBORHOOD RESTAURANT**
**PARTNERS DBA Applebee's,** a
Foreign Limited Liability Company.

Defendant.

_____/

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Plaintiff, CHARMAINE SAUNDERS, ("Saunders"), in the above-styled civil action and brings this Complaint against the above-named Defendant, NEIGHBORHOOD RESTAURANT PARTNERS DBA, Applebee's, ("Applebee's"), a Foreign Limited Liability Company; and in support hereof, alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Charmaine Saunders, ("Saunders"), at all times material hereto, was a natural person residing in Florida and is subject to the jurisdiction of this Court.

2. Defendant, NEIGHBORHOOD RESTAURANT PARTNERS DBA Applebee's ("Applebee's"), is, and at all times material hereto, was a Foreign Limited Liability Company, a business entity, with the following Registered Agent name and address: C T CORPORATION SYSTEM, 1200 South Pine Island Road, Plantation, FL 33324 with a

Principal business address of Atlanta, Georgia. Therefore, Defendant is subject to the jurisdiction of this Court.

3. The Middle District has jurisdiction over this lawsuit which involves a civil action to redress the deprivation of the rights, and privileges of Plaintiff pursuant to provisions enumerated under 28 U.S.C. § 1331. Hence, this Court has jurisdiction over the state law claims asserted herein under the Doctrine of Pendent Jurisdiction.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1339 for reasons that a substantial part of the events herein occurred in this District, and because Defendant, Neighborhood Restaurant Partners (NPR) DBA Applebee's, is a business entity that conducts and operates its business in this Judicial District.

5. The amount in controversy is great than seventy-five thousand dollars ($75,000), not including interests and legal fees.

## STATEMENT OF FACTS
*(Allegations Common to All Causes of Action)*

6. On or about July 27, 2021, Plaintiff went to Neighborhood Partners Restaurant also known as Applebee's, located at 230 Arteva Dr, Lakeland, FL 33809. Plaintiff arrived at 7:36 p.m. to pick up a to-go order of chicken wings. Plaintiff's order was entered into the system at Applebee's at 7:39 pm and the check-out time was 10:00 pm despite it being a to-go order.

7. Plaintiff frequented this Applebee's semi-regularly to either dine in or pick up takeout. Therefore, Plaintiff felt that the amount of time it was taking to receive her food-to-go was unusual given the restaurant was not busy.

*Plaintiff's Amended Complaint*                                                                 2

8.      While Plaintiff was waiting for her food, she ordered 1 (one) glass of Chardonnay.  By the time Plaintiff finished her Chardonnay, she still had not received her order, for 10 wings all flats yet others who had ordered food well after she ordered her food, had already received their order.

9.      Plaintiff believed there was a motive behind delaying her order and that it was done deliberately. Around forty-five (45) minutes to one (1) hour, an assailant, herein named "Jeremy Smith" arrived at the Defendant's restaurant, who sat two bar stools away from the Plaintiff. Within 5 minutes the assailant received food from the bartender waiting on the Plaintiff, and Plaintiff did not audibly hear an order being placed by the "assailant Jeremy Smith" but he received his food prior to Plaintiff receiving her to-go order of 10 wings all flats.

10.      Around the same time that Mr. Smith arrived, the bartender offered Plaintiff a complementary second glass of wine. It was later discovered that Defendants provided Plaintiff with the equivalent of 1 bottle of wine and did not charge her on July 27, 2021, for it, thereby impairing her judgment and capacitation.

11.      Plaintiff alleges that after taking a few sips of the second glass of wine, her state of consciousness was altered, and ultimately, Plaintiff began blacking out.  Plaintiff went to the restroom but has no recollection of how she got there or the length of time in the restroom.  Later determined by law enforcement to have been a minimum of fifteen minutes. The only specifics that Plaintiff recalls is that Defendant's customer, Mr. Smith, entered the lady's restroom while she was there, and handed her a small bottle of already-opened ginger ale soda, stating the Applebee's bartender sent it because she was not feeling well.

12.     Plaintiff again experienced blackouts. Hours later, Defendant's customer, assailant "Jeremy Smith," brutally assaulted, raped, and sodomized Plaintiff without her consent and while she was incapacitated due to induced intoxication from drugs and alcohol.

13.     On or about Wednesday, July 28, 2021, the morning after Plaintiff was assaulted by Defendant's customer, Mr. Smith, she woke up with pain in her genital areas, thighs, and bruises on her body including the complete loss of a

toenail on her right foot.  On the bedding, she discovered blood and broken fingernails, strawberry blond hair strands.  Plaintiff had and continues to have no memory of how she sustained these injuries.  The only events that Plaintiff has a clear recollection of are the events leading up to the first few sips she took of the first glass of wine she was served by one of Defendant's employees.

14.     Plaintiff believes that the alleged violations committed towards her were consummated by way of intoxication, specifically, by drugging the wine that Defendant's employee(s) served her based on the customer's limitation to access the inside of Defendant's employee bar area and the excessive amount of wine that law enforcement stated Defendants gave Plaintiff "on the house."  A true copy of the toxicology report for forensic purposes proves that Gamma-Hydroxy Butyric Acid "GHB" (commonly referred to as the "date rape drug"), and Diphenhydramine were present in Plaintiff's system at the time she was violently sexually assaulted, raped, sodomized, and physically abused by Mr. Jeremy Smith a frequent patron of the Defendants.  Both substances the Plaintiff has never ingested willing or by choice.

15.     After 30 days, Plaintiff did a hair follicle test at an independent lab in Tampa, Florida, which indicated that Plaintiff had the "date rape drug" in her system.  This proves that she was drugged the night of the incident that occurred on July 27, 2021.

*Plaintiff's Amended Complaint*                                                                                          4

16.     Subsequent to the tragic event, an official investigation commenced. The investigation was conducted by the Lakeland Police Department ("LDP") and handled by Detective Christina Stewart of the Lakeland Police Department, Special Victims Unit. Plaintiff also sought assistance through Peace River Sexual Assault Victims Unit, RAINN, Florida Victims' Rights Advocacy, and Aetna.

17.     Plaintiff also took the initiative to try to understand how this tragic event happened. On or about Saturday, July 31, 2021, Plaintiff went to Defendant's restaurant, Applebee's located at 230 Arteva Blvd Lakeland, Florida where the incident occurred, to inquire about several things. She was ultimately provided with a hard copy of the July 27, 2021, transaction history - receipt from the night of the incident by the Defendant's Restaurant Manager and was allowed to view some of the footage of the night of the unwanted assault. Plaintiff was also provided a new order of wings as Plaintiff never received the to-go order of wings she paid for the night of the violent attack. Defendant's receipt contradicted important facts and purposely contained false information, keyed into the POS system the night Plaintiff went for a to-go order of wings.

18.     Plaintiff alleges race discrimination played a role on why she was chosen for her drink to be spiked by the Defendant and excessive alcohol given unbeknownst to her. Defendants staff that were present on July 27th, 2021, and the assailant who facilitated the violent sexual assault were all Caucasians. The "assailant Jeremy Smith" whom the Defendant's bartender referenced as a "good ole country boy and a regular customer."

### COUNT ONE: *Breach of the Duty of Care*

19.     Plaintiff repeats the allegations above.

20.     Defendant owed a duty of care by nature of the business conducted pursuant to § 2 of the Uniform Commercial Code "U.C.C". But of the acts of the Defendant the violent assault would have been entirely preventable.

21.     Defendant failed to exercise the duty of reasonable care and to honor their obligation to maintain appropriate measures of security and safety. Defendant, while engaging in the conduct of sales and goods within their vicinity, breached their duty of care in several ways, including, but not limited to: facilitating the drugging or access to drugging with the date rape drug thereby neglecting to protect the Plaintiff, neglecting to protect the property of the Plaintiff, and most importantly, neglecting to protect the safety, security, well-being, and threat of potential harm against Plaintiff.

## COUNT TWO: _Negligence_

22.     Plaintiff repeats the allegations above.

23.     Due to Defendant's gross negligence, contributory negligence and had Defendant exercised proper care in the scope and duty of their services, Plaintiff would not have been violently sexually assaulted, nor would Plaintiff have suffered any of the damages incurred had Defendant provided the to-go order of 10 flat wings as the Plaintiff had requested. The Defendants repeatedly made excuses as to why the order was not sent back to the kitchen although entered the POS ordering system upon arrival and ordering by Plaintiff. Defendant representatives solely had drink custody to spike Plaintiffs drink. It was confirmed Defendant did not provide the drink type and quantity Plaintiff requested and Defendant continued to provide alcohol that the Plaintiff did not order or was cognizant of consuming to the point of inebriation.

## COUNT THREE: _Professional Negligence_

_Plaintiff's Amended Complaint_                                                        6

24.    Plaintiff repeats the allegations above.

25.    As a business entity, Defendant owes a duty to the public to report situations, circumstances, or events that led to inevitable harm, danger, and/or threat to the safety of the public. Defendant owed a duty to perform the appropriate due diligence in regard to the sexual assault that occurred as a direct result of actions that occurred on their premises and aid of their company representatives, Defendant was negligent and complicit. Defendant further compounded the dire situation by sending a male customer into the female's restroom where further drugging occurred under the guise of a wellness check.

## COUNT FOUR: *Legal or Proximate Causation Doctrine*

26.    Plaintiff repeats the allegations above.

27.    As a direct and proximate result of Defendant's actions, Plaintiff was drugged, violently assaulted, raped and sodomized incurring medical and moving expenses.

## COUNT FOUR: *Right to Damages*

28.    Plaintiff repeats the allegations above.

29.    As a direct result of Defendant's acts alleged above, Plaintiff suffered both compensatory and punitive damages as a result of this non-consensual act. Both economic and non-economic damages, including, but not limited to medical bills and moving expenses.

30.    Plaintiff sustained and continues to experience physical pain and suffering as a direct and proximate cause of the Defendant's actions leading to the ripped of toenail, re-injury of ankle, strained groin area, and living in constant fear.  Plaintiff continues to experience physical pain on

a regular basis, in addition to traumatic stress symptoms, post-traumatic stress (PTSD), loss of enjoyment of life and struggles with healthy intimate relationships.

31.     Plaintiff has also suffered mental anguish, anxiety, stress, distrust, isolation, scarring, insomnia, paranoia, and emotional distress. Moreover, Plaintiff has experienced irreparable life-changing trauma as a direct result of Defendant.

32.     Plaintiff further adds a claim of consequential damages, deprivation of personal liberty and enjoyment, and actual damages.

33.     Plaintiff is entitled to punitive damages to be determined by the Court because Defendant's acts alleged herein, were done intentionally with malice, discrimination, oppression, fraud and bias.

### COUNT FIVE: *Negligent Infliction of Emotional Distress*

34.     Plaintiff repeats the allegations above.

35.     Based on the above-mentioned acts and allegations, Defendant has clearly breached its duties and obligations owed to the Plaintiff, the Defendant's customers and to the public. Defendant failed to uphold these duties and obligations, in both commercial and merchant standards, in the conduct of their business. Plaintiff is entitled to separate damages, specifically for Defendant's negligent infliction of emotional distress.

### COUNT SIX: *Multiple Damages*

36.     Plaintiff repeats the allegations above.

37.     Plaintiff claims an award for multiple damages, based on the acts and allegations stated above, that Defendant committed. In accordance with *Title 45 § 768.72 of the Florida Statutes,*

any civil action Plaintiff's claim for damages on the following are thereby allowed; actual, moral, exemplary, consequential, legal, compensatory and is seeking a total amount of $ 10,000,000.

Defendant's actions satisfy all elements which constite violations of the following Federal laws:

a) Violations pursuant to Strict Liability Law and Practice for food and beverages sale of goods that were intoxicated and defective;

b) Violations pursuant to Negligence Law and Practice for failure to exercise reasonably prudent and skilled actions as per standards of culinary arts, preparation, and food selection, including harmful substances detection;

c) Violations pursuant to Food Safety Modernization Act;

d) Violations pursuant to Chapter 3 of the Food Code, which include strict liability claims against restaurants, including restaurant chains, and allow for the recovery of damages in multiple forms. These damages include damages for contaminated food and beverages arising from negligence, warranty, and other liability claims.

e) Violations of common law grounds for all acts and allegations pursuant to the Uniform Commercial Code's warranty law and preemptory statute.

## COUNT Nine: *Racial Discrimination and Violation of Rights under Title VII of the US Code*

38.    Plaintiff repeats the allegations above.

39.    As herein alleged, the Defendants, and its officers, managing agents, and/or its supervisors, illegally retaliated against Plaintiff by unjustly subjecting Her to assault, rape, and sodomizing her solely because she belonged to a different race/ethnicity. Defendant(s) had no legitimate reasons for committing such a grievous/coercive act and no law has warranted it against any

*Plaintiff's Amended Complaint*                                                                                              9

individual. Each said act (s) of retaliation was in violation of Title VII of the Civil Rights Act of 1964 and the constitution of the USA.

40.    Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, the Defendant may have engaged in other discriminatory practices against Her which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

41.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation, and psychological and emotional distress. Plaintiff has suffered and will continue to suffer a loss of social reputation, earnings, and other employment opportunities. Plaintiff is thereby entitled to general and compensatory damages amounts demanded or to be proven at trial.

## **PRAYER**

**WHEREFORE,** Plaintiff prays that the Court:

1. Enters an order requiring Defendant to pay each of the Awards for Damages pleaded, or as the Court may deem applicable;

2. Grants Plaintiff any other relief as this Honorable Court may deem just and proper.

Dated this 6th day of December 2022.

Respectfully Submitted By:

/s

Charmaine Saunders
Plaintiff, *Pro Se*

*Plaintiff's Amended Complaint*                                                                10

## CERTIFICATION OF CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:  December 6th, 2022.

Respectfully submitted,
/s/ Charmaine Saunders
*Pro Se Complaint*

311 US Highway 27 S
Sebring, FL 33870
(863) 738-7920
charmainesaunders89@gmail.com

*Plaintiff's Amended Complaint*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2022, the foregoing was either mailed via Certified Mail by

United States Postal Service to the above-mentioned defendant's or defendant's attorney of

record, or participants were electronically notified by ECF/CM Filing.

Dated: December 6th, 2022.

Respectfully submitted,
/s/ Charmaine Saunders
*Pro Se Complaint*