**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHARMAINE SAUNDERS**, an Individual.

Plaintiff,

v.                                              **Case No.: 8:22-CV-2483-TPB-CPT**

**NEIGHBORHOOD RESTAURANT**
**PARTNERS DBA Applebee's,** a
Foreign Limited Liability Company.

Defendant.

_____/

**PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Plaintiff, CHARMAINE SAUNDERS, ("Saunders"), in the above-styled civil action and brings this Complaint against the above-named Defendant, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA DBA, Applebee's, ("Applebee's"), a Foreign Limited Liability Company; and in support hereof, alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, Charmaine Saunders, ("Saunders"), is a natural person Highlands County, State of Florida, and is domiciled in the State of Florida. At the time of the incident which is the basis of this lawsuit was at all times material hereto, a resident at 705 Central Parker Cir Apt 206 Lakeland, FL 33805 and is subject to the jurisdiction of this Court.

2. Defendant, Neighborhood Restaurant Partners, Florida DBA, Applebee's ("Applebee's"), is, and at all times material hereto,  a Foreign Limited Liability Company, a business entity, with

the following Registered Agent name and address: C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324 with a Principal Business Address of 1455 Lincoln Parkway, Suite 430, Atlanta, Georgia, 30346, and is domiciled in the State of Georgia according to the records by the Georgia Secretary of State, with principle members Karl F. Jaeger Senior Managing Director of Argonne Capital Group, LLC and Argonne Capital Group domiciled in the state of Georgia with a principal business address of One Buckhead Plaza, 3060 Peachtree Road NW Suite 425 Atlanta, Georgia 30305. Therefore, the Defendant is subject to the jurisdiction of this Court, as Plaintiff and Defendant are citizens of different states.

3. The Middle District has jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, which this suit involves a civil action to redress the deprivation of the rights, and privileges of Plaintiff under 28 U.S.C. § 1331.

4. Moreover, this court has jurisdiction over the state law claims asserted herein under the Doctrine of Pendent Jurisdiction.[1] 28 U.S.C. § 1367; also see *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218[2].

---

[1] "Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *,' U.S.Const., Art. III, § 2." See, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218. Imparting, "The state and federal claims must derive from a common nucleus of operative fact." Id. Also, it may be noted that "the jurisdiction of federal courts, they do embody 'the whole tendency of our decisions * * * to require a plaintiff to try his * * * whole case at one time,' *Baltimore S.S. Co. v. Phillips, supra*, and to that extent emphasize the basis of pendent jurisdiction. Cf. *Armstrong Paint and Varnish Works v. Nu-Enamel Corp.*, 305 U.S. 315, 325, 59 S.Ct. 191, 196, 83 L.Ed. 195. Noting, 71 Harv.L.Rev. 513, 514 (1958).
[2] The District Court properly entertained jurisdiction of the claim based on state law. Pp. 383 U. S. 721-729. Page 383 U. S. 716

## VENUE

5.  Venue is proper pursuant to 28 U.S.C. § 1390 for reasons that a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Defendant, Neighborhood Restaurant Partners (NPR) DBA Applebee's, is a business entity that conducts and operates its business in this Judicial District and is domiciled with its principal members in the State of Georgia giving rise to diversity of citizenship.

## STATEMENT OF FACTS
*(Allegations Common to All Causes of Action)*

6.  On or about July 27, 2021, Plaintiff went to Neighborhood Partners Restaurant also known as Applebee's, located at 230 Arteva Dr, Lakeland, FL 33809.  Plaintiff arrived at 7:36 p.m. to pick up a to-go order of chicken wings.  Plaintiff's order was entered into the system at Applebee's at 7:39 pm and the check-out time was 10:00 pm despite it being a to-go order.

7.  Plaintiff frequented this Applebee's semi-regularly to either dine in or pick up takeout, therefore Plaintiff felt that the amount of time it was taking to receive her food-to-go was unusual given the restaurant was not busy.

8.  While Plaintiff was waiting for her food, she ordered 1 (one) glass of Chardonnay.  By the time Plaintiff finished her Chardonnay, she still had not received her order, for 10 wings all flats yet others who had ordered food well after she ordered her food, had already received their order.

9.  Plaintiff believed there was a motive behind delaying her order and that it was done deliberately.

10. In or around forty-five (45) minutes to one (1) hour, Jeremy Smith ("Smith") the assailant arrived at the Defendant's restaurant and sat two bar stools away from the Plaintiff.

11. Smith received his food within 5 minutes after arriving from the bartender that was serving the Plaintiff.

12. Plaintiff did not audibly hear an order being placed by her attacker, Smith but he received his food prior to Plaintiff receiving her to-go order.

13. At this time the bartender offered Plaintiff a *complementary* second glass of wine to the Plaintiff.

14. It was later discovered that Defendants provided Plaintiff with the equivalent of 1 bottle of wine as 'complimentary' and did not charge her.

15. Additionally, on July 27, 2021, the first complimentary glass of wine was infused with an unknown substance to Plaintiff, and she was unaware had been added to her complimentary drink.

16. Plaintiff was thereby impairing in her judgment and capacitation by the introduction of the substance with its reaction to the second glass of wine.

17. The defendant's agent (the bartender) introduced, at that time, an unknown substance and was the only person in the chain of custody of the complimentary second and subsequent additional glasses of wine.

18. Plaintiff states that after taking a few sips of the second glass of wine, her state of consciousness was altered, and ultimately, Plaintiff began blacking out.

19. Plaintiff went to the restroom but has no recollection of how she got there or the length of time in the restroom.

20. Later it was determined by law enforcement to have been a minimum of fifteen minutes.

21. Plaintiff only recalls that Defendant's customer Smith entered the lady's restroom while she was there and handed her a small bottle of already-opened ginger ale soda, stating the Applebee's bartender sent it because she was not feeling well.

22. Plaintiff under the influence of the foreign drug did not comprehend the male guest in the ladies restroom and the bartenders choice to send him to Plaintiff.

23. Plaintiff continued to experience blackouts.

24. An unknown number of hours past as Defendant's customer, Smith, brutally assaulted, raped, and sodomized Plaintiff without her consent and while she was incapacitated due to introduction of intoxication from drugs allowing for excessive alcohol serving without charge to the Plaintiff.

25. On Wednesday, July 28, 2021, the morning after Plaintiff was assaulted by Defendant's customer Smith, she woke up with pain in her genital areas, thighs, and bruises on her body including the complete loss of a toenail on her right foot.

26. Also, on the bedding, she discovered blood and broken fingernails, strawberry blond hair strands.

27. The plaintiff had and continues to have no memory of how she sustained these injuries, and the only events that Plaintiff has a clear recollection of are the events leading up to the first

few sips she took of the first complimentary glass of wine she was served by one of Defendant's employees.

28. Plaintiff believes that the violations being alleged and the basis of this lawsuit were committed by way of impairing her, specifically, by drugging the wine that only the Defendant's employee(s) had access and control of which is based on the lack of access behind the bar of patrons, therefore the chain of custody of the wine served was strict in the Defendant's employees ("Agents") in the service of its customers.

29. Plaintiff was overserved after the induction of an illegal substance then given an excessive amount of wine according to law enforcement that stated Defendants gave Plaintiff "on the house."

30. A true copy of the toxicology report for forensic purposes proves that Gamma-Hydroxy Butyric Acid[3] "GHB" (commonly referred to as the "date rape drug"), and Diphenhydramine were present in Plaintiff's system at the time she was violently sexually assaulted, raped, sodomized, and physically abused by Smith, who was a frequent patron of the Defendants business, Applebee's.

31. Plaintiff never consented to or was aware that she ingested GHB and Diphenhydramine on that night nor had she ingested GHB and or Diphenhydramine any other night, thus she alleges that the introduction of GHB was deliberately placed in the wine by Applebee's Agent (bartender) for the purposes of committing sexual assault.

---

[3] The sodium salt of GHB, the brand product Xyrem (sodium oxybate), is classified as a Schedule III drug by the DEA when prescribed and used legally in a patient restricted-access program. Xyrem is not available at regular retail pharmacies. If Xyrem is trafficked as a recreational drug, its status converts to Schedule I and it becomes an illegal drug.

32. The Defendants played a substantial part in the illegal attack by introduction of GHB and as subsequent brutal assault by introduction of drugs and overserving alcohol by intentional and conspiratorial means to inflict injury on Plaintiff.

33. After the events of July 27, 2021, on or about 30 days, Plaintiff did have a hair follicle test performed at an independent lab in Tampa, Florida, which indicated that Plaintiff had Gamma-Hydroxy Butyric Acid[4] or the "date rape drug" in her system.

34. The independent laboratory result factual provide that Plaintiff was drugged by defendants on the night of the assault by way of the Defendants agents.

35. Subsequently following the tragic event, law enforcement began an official investigation of Smith and of Defendants, Applebee's. concurrently in its participation.

36. The investigation was conducted by the Lakeland Police Department ("LPD") and investigated by Detective Christina Stewart of the Lakeland Police Department, Special Victims Unit.

37. Plaintiff also sought assistance through Peace River Sexual Assault Victims Unit, RAINN, Florida Victims' Rights Advocacy, and Aetna.

38. Plaintiff also took the initiative to try to piece together the events that occurred at Applebee's and continued elsewhere.

---

[4] The sodium salt of GHB, the brand product Xyrem (sodium oxybate), is classified as a Schedule III drug by the DEA when prescribed and used legally in a patient restricted-access program. Xyrem is not available at regular retail pharmacies. If Xyrem is trafficked as a recreational drug, its status converts to Schedule I and it becomes an illegal drug.

*Plaintiff's Second Amended Complaint*                                                                   7

39. On or about Saturday, July 31, 2021, Plaintiff went to Defendant's restaurant, Applebee's located at 230 Arteva Blvd Lakeland, Florida where the incident occurred, to inquire about several of the nights events.

40. Plaintiff was ultimately provided with a hard copy of the July 27, 2021, transaction history - receipt from the night of the incident by the Defendant's Restaurant Manager and was allowed to view some of the footage of the night of the heinous assault.

41. Plaintiff was also provided a new order of wings as Plaintiff never received the to-go order of wings she paid for the night of the violent attack.

42. Defendant's receipt contradicted important facts and purportedly contained false information, keyed into the POS system the night Plaintiff went to Applebee's for a to-go order.

43. Plaintiff alleges race discrimination played a role on why she was chosen for her drink to be spiked with GHB and excessively overserving alcohol by the Defendants.

44. Defendants staff that were present on July 27th, 2021, and the assailant who facilitated the violent sexual assault were all Caucasians. The assailant, Smith was refenced by the bartender as a "good ole country boy and a regular customer."

45. Applebee's agent was aware of and knew the assailant and his character based upon the laminating statements made.

46. Defendants by way of his agents, targeted Plaintiff in the sexual assault in a predatory manner.

47. Plaintiff alleges the Defendants knowingly perpetrated the aforementioned actions that injured her and continue to do so.

**COUNT ONE:**

*Plaintiff's Second Amended Complaint*                                                                                  8

### *Breach of Duty of Care*

48. Defendant owed a duty of care any reasonable person would expect, especially by nature of the business conducted and pursuant to § 2 of the Uniform Commercial Code "U.C.C." Moreover, the harm would not have been caused, but for, the acts of the Defendants direct and proximate actions and inactions in the injection of GHB controlled substance, which allowed for a manipulated violent assault that was entirely preventable.

49. The four elements required for breach of duty of care are: 1) the existence of a duty of care; 2) breach of that duty; 3) damages; and 4) causation.

50. Defendant failed to exercise the reasonable duty of care and to honor their obligation to maintain appropriate measures of security and safety.

51. The Plaintiff relied upon the representations made by Applebee's, to her detriment, and entered the property believing that Applebee's restaurant would be operated at a level commensurate with that expected of other similar restaurants and Applebee's itself under the same duty of care obligations of a restaurant and bar.

52. Defendant, also while engaging in the conduct of sales and goods, breached their duty of care in several ways, including, but not limited to facilitating the drugging, gaining access to drugging, and implementing the drugging with the date rape drug GHB, by which the defendants imposed and introduced it into the Plaintiffs drinks unknowing to her.

53. Thereby neglecting to protect her, her property, and most importantly, neglecting to protect the physical and mental safety, security, and well-being, which was the proximate infliction physical and emotional harm on Plaintiff.

54. Defendants were accordingly the proximate cause of the incident, as the bartender knowingly supplied the GHB which caused the Plaintiff to be in a state of unawareness that allowed for Smith and bartender to take advantage and commit criminal acts.

### COUNT TWO:

### *Negligence*

55. Due to Defendant's gross negligence, contributory negligence, and Defendants lack of exercising proper care and a duty of care, in the scope of their services, Plaintiff was violently sexually assaulted.

56. Four elements are required to establish negligence are:

   1). The existence of a legal duty that the defendant owed to the plaintiff;
   2)  Defendant's breach of that duty;
   3)  Plaintiff's sufferance of an injury and;
   4)  Proof that defendant's breach caused the injury or proximate cause.

57. Plaintiff has and is suffering damages inflicted by the Defendant which began with not providing the to-go order, in order to provide 'complimentary' drink spiked with GHB, in that the defendants was able to take care and control of Plaintiff. Defendant had a legal duty to protect the products it served and it customers and failed to do so.

58. The Defendants repeatedly made excuses as to why the order was not relayed to the kitchen to be prepared and although the order entered the POS ordering system upon arrival the product never materialized to Plaintiff or was withheld by employees.

59. This in turn allowed defendant, to target Plaintiff by introducing drugs into her system, overserve drinks laced with GHB, then assist, facilitate, and participating in assault.

60. Defendant was negligent by hiring and maintaining employment of said employee, that provides, aids and assist others in the facilitating, expediting, or inflicting on others a controlled substances and breached the duty owed to its customers.

61. Moreover, upon the information of GHB introduction into the drinks by the bartender that plaintiff later found in her system was placed by Defendant who had sole chain of custody over the drink and no other entered Plaintiff space to introduce the drug.

62. Defendant facilitated the opportunity to adulterate drink containing the GHB substance with the intent to do physical and psychological harm with the assistant of Smith in a conspiratorial manner.

63. Defendant upon adding GHB continued to provide 'complimentary' alcohol to Plaintiff, in order to instill mental and physical incapacitation, and continually supply GHB on Plaintiff.

64. The defendant knew and understood the effects of the drugs and intent of the drug which is widely known as the 'date rape drug,' in a negligent and reckless manner, and then covertly gave to plaintiff to ingest without her knowledge.

65. As to the negligent drugging and overserving of alcohol , the defendants were the proximate cause of the ingestion of GHB by plaintiff without her knowledge or consent for conspiratorial[5] criminal acts to be performed.

## COUNT THREE:

### *Negligence in Duty to Exercise Reasonable Care*

---

[5] Defendant conspired with the third-party actor to illegally administer GHB to the Plaintiff for the sole purpose of incapacitating and raping her. Additionally, the defendant's agent participated in the application of GHB with the intent to harm Plaintiff.

*Plaintiff's Second Amended Complaint*                                                    11

66. As a business entity, Defendant owes a duty to the public to report situations, circumstances, or events that led to inevitable harm, danger, and/or threat to the safety of the public.

67. Defendant owed a duty to perform the appropriate due diligence in regard to the sexual assault that occurred as a direct result of actions that occurred on their premises and aid of their company representatives.

68. "An act or omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm," *Gross v. Family Services Agency, Inc.,* 716 So. 2d 337, 339 (Fla. Dist. Ct. App. 1998), In other words, the Defendant placed plaintiff in harm's way when it knowingly added GHB, and willingly conspired to allow Smith to enter the Applebee's ladies restroom for the explicit intent to assault and injury Plaintiff.

69. Moreover, defendant failed in its duty to exercise reasonable care in hiring practice, supervision, and as a result negligently allowed its employee/agent to serve an illicit Schedule I[6] drug, cocktail and wine to a customer that caused her harm, "even though such conduct is criminal." Id.

70. Defendant was negligent and complicit, because the injury was caused by the allegedly "foreseeable" acts of defendant and then by such act defendant provided and facilitated the opportunity to a third party. Defendant failed to protect Plaintiff from the consumption of GHB and Smith the third-party conspirator.

---

[6] DEA defines Schedule I - Schedule I drugs, substances, or chemicals are defined as drugs with no currently accepted medical use and a high potential for abuse. Some examples of Schedule I drugs are: heroin, lysergic acid diethylamide (LSD), marijuana (cannabis), 3,4-methylenedioxymethamphetamine (ecstasy), methaqualone, and peyote. DEA.gov.

71. In other words, Defendant, Applebee's, conspired with third party to introduce GHB[7] into Plaintiff system to facilitate the rape and because of the complicity of Applebee's, it furthered the injuries in action and inaction.

72. Defendants agent, the bartender creates a special relationship when he or she assumes the role of serving acholic beverages by law in that, Florida has a maximum level of alcohol per drink, and the maximum number of drinks one can serve an individual at one time. Therefore, a special relation forms as the defendant has a duty to exercise reasonable care not to overserve or adulterate the product it serves its patrons.

73. Defendants negligently sent in, allowed, or by omissions, granted Smith access to female restroom; a private camera free area, and in doing so, failing to exercise reasonable care in that, male customers and male employee are not allowed to enter female restrooms if females are present.

74. Defendants were the direct and proximate cause of the plaintiffs injuries by drugging and allowing or conspiring with a third-party in which defendant exploited and controlled Plaintiff to facilitate said acts on and off Applebee's property.

75. Defendant was sexually assault and as a result was injured by physical and mental acts performed with the explicit aid and consent of defendant.

76. Defendant made available through employee bartending to enter the restroom where further drugging occurred under the guise of a wellness check and assault began.

---

[7] A controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I. see 21 USC 813 (a).

*Plaintiff's Second Amended Complaint*                                                                 13

## COUNT FOUR

### *Breach of Duty of Care by Special Relationships*

77. The expectation of the special relationship decries against the injection of foreign materials outside of restaurants ingredients; therefore, it violates, and landowner-invitee and; business-invitee permissive to the doctrine, under the doctrine the business-invitee relationship forms when the defendant provides legal drinks to the Plaintiff and violates the relationship when illegal substances are induced without plaintiff's knowledge. Additionally, the business has an imminent need to protect its invitees from harm by its agents and supervision of its employees that are known to behave inappropriately towards guests and staff.

78. While a person or other entity generally has no duty to take precautions to protect another against criminal acts of third parties, see *Boynton v. Burglass*, 590 So.2d 446 (Fla. 3d DCA 1991), exceptions to this general rule have emerged, including the "special relationships" exception. See Restatement (Second) of Torts § 315 (1965).

79. Among the recognized "special relationships" where defendants have been held liable for failure to exercise reasonable care when injuries have actually been inflicted by third parties are employer-employee; landowner-invitee; business. Id.

80. Applebee's and its employees or agents injected a foreign substance (GHB) into the drink of Plaintiff without knowledge or consent thereby committing criminal acts, assault and conspiratorial acts or actions upon Plaintiff that caused harm.

81. In other words, Defendants, Applebee's, and Applebee's employee's conspired with third party to introducing GHB into Plaintiff system to facilitate the rape and because of the complicity of Applebee's, the "special relationship" doctrine is applicable to defendants.

82. As a direct and proximate result of Defendant's actions, Plaintiff was drugged, violently assaulted, raped, and sodomized incurring medical and moving expenses under the actions of the employee of Applebee's and a third-party assailant, Smith.

### COUNT FIVE:

### ***Right to Damages***

83. As a direct result of Defendant's acts alleged above, Plaintiff suffered both compensatory and punitive damages as a result of this non-consensual act. Both economic and non-economic damages, including, but not limited to medical bills and moving expenses.

84. Plaintiff sustained and continues to experience physical pain and suffering as a direct and proximate cause of the Defendant's actions leading to the ripping of toenail, re-injury of ankle, strained groin area, and living in constant fear.

85. Plaintiff continues to experience physical pain on a regular basis, in addition to traumatic stress symptoms, post-traumatic stress (PTSD), loss of enjoyment of life and struggles with healthy intimate relationships.

86. Plaintiff has also suffered mental anguish, anxiety, stress, distrust, isolation, scarring, insomnia, paranoia, and emotional distress. Moreover, Plaintiff has experienced irreparable life-changing trauma as a direct result of Defendant.

87. Plaintiff further adds a claim of consequential damages, deprivation of personal liberty and enjoyment, and actual damages.

88. Plaintiff is entitled to punitive damages to be determined by the Court because Defendant's acts alleged herein were done intentionally with malice, discrimination, oppression, fraud, and bias.

## COUNT SIX:

### *Intentional Infliction of Emotional Distress*

89. Based on the above-mentioned acts and allegations, Defendant has clearly breached its duties and obligations owed to the Plaintiff.

90. In *Metropolitan Life Insurance Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985), the Florida Supreme Court held that Florida recognizes the tort of intentional infliction of emotional distress as defined in § 46, Restatement (Second) of Torts (1965). "To state a cause of action for intentional infliction of emotional distress, a complaint must allege four elements: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 594 (Fla. 2d DCA 2007) (citation omitted).

91. Defendants acts, omissions and participation caused serve emotionally injury to plaintiff.

92. Defendant introduced a drug into the system of the Plaintiff and participated and facilitated a sexual assault on her, thereby causing emotional and psychological harm the continues to harm.

93. Plaintiff was drugged, rapped, and transported in criminal acts committed by defendant, defendants agent and a known conspirator Smith which caused injury to her.

94. Defendant failed to uphold their duties and obligations, in both commercial and merchant standards, placed non ingredient in drink with intent to serve plaintiff and cause physical harm which resulted in emotional distress to plaintiff that is pervasive and continues to be pervasive.

95. Plaintiff is entitled to separate damages, specifically for Defendant's negligent infliction of emotional distress.

**COUNT SEVEN:**

***Multiple Damages***

96. Plaintiff claims an award for multiple damages, based on the acts and allegations stated above, that Defendant committed. In accordance with *Title 45 § 768.72 of the Florida Statutes,* any civil action Plaintiff's claim for damages on the following are thereby allowed; actual, moral, exemplary, consequential, legal, compensatory and is seeking a total amount of $ 10,000,000.

97. Defendant's actions satisfy all elements which constitute violations of the following Federal laws:

a) Violations pursuant to Strict Liability Law and Practice for food and beverages sale of goods that were intoxicated and defective;

b) Violations pursuant to Negligence Law and Practice for failure to exercise reasonably prudent and skilled actions as per standards of culinary arts, preparation, and food selection, including harmful substances detection;

c) Violations pursuant to Food Safety Modernization Act;

d) Violations pursuant to Chapter 3 of the Food Code, which include strict liability claims against restaurants, including restaurant chains, and allow for the recovery

of damages in multiple forms.  These damages include damages for contaminated food and beverages arising from negligence, warranty, and other liability claims.

e)  Violations of common law grounds for all acts and allegations pursuant to the Uniform Commercial Code's warranty law and preemptory statute.

## COUNT EIGHT:

### *Conspiracy*

98. A civil conspiracy, in Florida, involves the following elements: (a) a conspiracy between two or more parties; (b) to do an unlawful act or to do a lawful act by unlawful means; (c) the doing of some overt act in pursuance of the conspiracy; and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy. *Walters v. Blankenship,* 931 So.2d 137, 140 (Fla. 5th DCA 2006).

99. Defendant and Smith conspired to drug and rape Plaintiff therefore "it is sufficient if each conspirator knows of the scheme and assists in some way." *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1160 (Fla. 3d DCA 2008).

100.    Defendant conspired with assailant Smith to drug Plaintiff and thereby overserve wine in order to facilitate the criminal acts aforementioned.

101.    Defendant intentionally and purposefully associated with Smith to provide GHB to unsuspecting Plaintiff in order to facilitate the sexual assault, with knowledge and aforethought of acts to be committed.

102.    Defendant committed an overt act against Plaintiff with full knowledge of the outcome and with Smith, who knowingly participated in the acts committed.

103.    Plaintiff was injured physically and mentally as a result of the drugging, rapping and transportation from Applebee's to another location without her knowledge or consent.

## COUNT NINE:

### *RES IPSA LOQUITUR*

104.     Plaintiff invokes the doctrine of Res Ipsa Loquitur. Plaintiff would show that the character, actions, and inactions in the events made the basis of this lawsuit is such that it would not ordinarily occur in the absence of but for the negligence of the Defendants.

105.     Defendant did knowingly and recklessly infuse an illegal drug (GHB) into Plaintiff's system by 'spiking' her drink to wit; with intentional negligence, defendant had in its possession a controlled substance as defined by the DEA and knowingly incorporated it into an alcoholic beverage in which ordinarily the injury would not have happened without defendants intentional negligence, and that the defendants agent causing the injury was in the exclusive control of its actions at the time it caused the injury, and that the defendants agent causing the injury was in the exclusive control of plaintiff's drinks and consumption rate at the time the negligent act or omission, did occurred by adding GHB and that after leaving defendant's control, was improperly and unsuspectingly placed upon the plaintiff which subjected her to harmful actions and conditions by defendant and third parties to cause injury.

### PRAYER

**WHEREFORE,** Plaintiff prays that the Court:

1.  Enters an order requiring Defendant to pay each of the Awards for Damages pleaded, or as the Court may deem applicable;

2.  Grants Plaintiff any other relief as this Honorable Court may deem just and

proper.

Dated this 23rd day of January 2023.

Respectfully Submitted,

CHARMAINE SAUNDERS
311 U.S. Highway 27 S,
Sebring, FL 33870
(863) 738-7920
Plaintiff, *In Pro Per*

## CERTIFICATION OF CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

knowledge, information, and belief that this complaint: (1) is not being presented for an improper

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of

Rule 11.

Dated: January 23rd, 2023.

CHARMAINE SAUNDERS
311 U.S. Highway 27 S,
Sebring, FL Highlands County
Florida 33870
(863) 738-7920
Plaintiff, *In Pro Per*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23rd, 2023, the foregoing was either mailed by United States

Postal Service to the following defendant's or defendant's attorney of record, or participants

were electronically notified by ECF/CM Filing.

CHARMAINE SAUNDERS
311 U.S. Highway 27 S,
Sebring, FL Highlands County
Florida 33870
(863) 738-7920
Plaintiff, *In Pro Per*

*Plaintiff's Second Amended Complaint*                                                    21