UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE SAUNDERS,

    Plaintiff,

v.                                                    Case No: 8:22-cv-2483-TPB-CPT

NEIGHBORHOOD RESTAURANT
PARTNERS d/b/a APPLEBEE'S,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT ON ISSUE OF RESPONDEAT SUPERIOR

This matter is before the Court on Defendant Neighborhood Restaurant Partners d/b/a Applebee's supplemental motion for summary judgment on issue of respondeat superior, filed by counsel on September 19, 2023. (Doc. 92). On September 23, 2023, Plaintiff Charmaine Saunders filed a response in opposition. (Doc. 93). On September 29, 2023, Defendant filed a reply. (Doc. 94). After reviewing the motion, response, reply, court file, and the record, the Court finds as follows:

### Background

The facts here are largely disputed, but the factual disputes ultimately do not impact the outcome because this case turns on a legal issue. As such, the Court views the facts in light most favorable to Plaintiff, and it gives Plaintiff's filings the required liberal construction required for *pro se* litigations to the extent that her

allegations are not directly contradicted by incontrovertible evidence, such as surveillance footage.

On July 27, 2021, Plaintiff Charmaine Saunders went to the Applebee's located at 230 Arteva Dr., in Lakeland, Florida, to pick up a to-go order of chicken wings. She has frequented this restaurant semi-regularly to either dine in or pick up takeout. While waiting for her food, she ordered a glass of chardonnay. Plaintiff claims that she was ultimately given the equivalent of a bottle of wine by a female Applebee's bartender, for free, as she waited for her food, which took an unusually long time to prepare. While at the bar, Plaintiff began speaking with Jeremy Smith, a fellow patron. These events are all captured on video recordings that are part of the record in this case.

Plaintiff asserts that at least one of the glasses of wine she was given by the Applebee's bartender contained the drug Gamma-Hydroxy Butyric Acid, or "GHB," also commonly referred to as the "date rape drug." After a few sips of her second glass of wine, Plaintiff asserts that her state of consciousness was altered, and she began experiencing black-outs. According to Plaintiff, she woke up in her home on July 28, 2021, with bodily pain, bruises, and the complete loss of a toenail on her right foot. Her bedding contained blood, broken fingernails, and strawberry blond hair. Plaintiff has no memory of how she sustained her injuries.

Plaintiff claims that she was drugged and overserved by this Applebee's bartender to facilitate a sexual battery committed against her by Smith. Defendant asserts that this simply did not happen – the bartender did not drug or overserve

Plaintiff, who indisputably left the bar with Smith voluntarily as shown on surveillance video.  The initial motion for summary judgment argued this factual dispute, and Defendant ultimately presented the Court with a videotape that contained surveillance footage from the bar that night.  The video did not show the female bartender putting anything into the wine she served Plaintiff.  However, the surveillance footage is ultimately inconclusive because it did not show the pouring of each and every glass of wine consumed by Plaintiff – at least one glass of wine was poured off screen and therefore not shown on the video. As such, contrary to Defendant's argument, the video evidence in this case does not conclusively establish that Plaintiff was not drugged by the bartender.

Plaintiff ultimately filed this and several other lawsuits related to the sexual battery.[1]  In this case, she claims that Defendant is liable for her injuries as the employer of the bartender, asserting several negligence theories, a claim for intentional infliction of emotional distress, and a civil conspiracy claim.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] The instant lawsuit seeks to hold Defendant responsible for the alleged sexual battery.  In other lawsuits, Plaintiff has sought to hold other parties responsible for her injuries.  She has sued Jeremy Smith, the alleged perpetrator of the sexual battery.  *See Saunders v. Smith*, 8:23-cv-57-CEH-AAS (M.D. Fla.).  She has sued the owner and property management company of her apartment complex.  *See Saunders v. Breit MF Preserve at Lakeland, LLC*, 8:22-cv-2542-CEH-JSS (M.D. Fla.).  She has also sued the Lakeland Police Department for what Plaintiff characterizes as a deficient police investigation in violation of her constitutional rights.  *See Saunders v. City of Lakeland*, Florida, 8:22-cv-2482-MSS-JSS (M.D. Fla.).

matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

The Court raised the issue of vicarious liability with the parties and gave Defendant the opportunity to file a supplemental motion for summary judgment. Plaintiff herself raised the issue of vicarious liability in response to Defendant's original summary judgment motion, and she was given the opportunity to respond to the supplemental motion.

To be clear, for the purpose of this summary judgment motion, the Court considers Plaintiff's version of events – that the record evidence has or would establish that Plaintiff was drugged and overserved alcohol by the Applebee's

bartender prior to the sexual battery committed by Smith.[2] But even under these facts, Plaintiff cannot establish vicarious liability.

Each count of the second amended complaint is functionally pled against Defendant in its capacity as an employer based on the doctrine of vicarious liability for the acts of Defendant's employee who served Plaintiff alcohol on the night of her alleged sexual battery and who is alleged to have drugged her and assisted in the facilitation of the sexual battery. The parties agree that an employer-employee relationship existed between Defendant and the bartender.

"The general rule is that an employer cannot be held liable for the tortious or criminal acts of an employee, unless they were committed during the course and scope of the employment and to further a purpose or interest, however excessive or misguided, of the employer." *Ademiluyi v. National Bar Association*, No. 8:16-cv-2597-T-30AEP, 2017 WL 3022330, at *5 (M.D. Fla. July 17, 2017) (quoting *Nazareth v. Herndon Ambulance Serv., Inc.*, 467 So. 2d 1076, 1078 (Fla. 5th DCA 1985). These tortious or criminal acts include sexual assaults and batteries by employees, which are generally held to be "outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer." *Nazareth*, 467 So. 2d at 1078.

---

[2] The Court notes that the amended complaint is not verified or otherwise sworn, and the declaration Plaintiff submitted to oppose Defendant's first summary judgment motion was not made under the penalty of perjury. Plaintiff has therefore not properly opposed summary judgment with record evidence. In an abundance of caution, because Plaintiff is a *pro se* litigant, the Court explains why – even if these documents were properly verified or sworn – Plaintiff still cannot defeat summary judgment here.

Plaintiff does not put forth any evidence or persuasive argument to show that any of the acts alleged to have been committed by the Applebee's bartender – namely, drugging, overserving alcohol, and facilitating sexual battery – were committed within the scope of the bartender's employment. In fact, Plaintiff claims that the bartender was acting to assist Smith, which belies any inference that the bartender was acting to further any interest of Defendant. *See* (Doc. 40 at ¶¶ 32; 43; 44; 46; 47; 54; 59; 62; 65; 71; 75; 81; 99; 100; 101).

It is not enough to simply assert or argue that the employee had access to the victim through his or her employment relationship. *See Doe v. Willis*, No. 8:21-cv-1576-VMC-CPT, 2023 WL 2799747, at *10-11 (M.D. Fla. Apr. 5, 2023) (collecting cases). Rather, a plaintiff must put forth evidence to demonstrate that her alleged assault was "aided by an apparent agency relationship […] as this exception has been narrowly interpreted under Florida law." *Id*. Even viewing the evidence in light most favorable to Plaintiff, all that Plaintiff has shown is that the bartender had access to Plaintiff and an opportunity to assault Plaintiff because of the bartender's employment. This is not enough to meet Plaintiff's burden at trial or, more importantly, to defeat summary judgment here. Rather, Plaintiff must establish that the complained acts were intended by the bartender to serve the business interest of Defendant. Importantly, the Court reiterates that any argument to this effect at this time would appear to contradict Plaintiff's allegations in the amended complaint that the bartender had the purpose of assisting Smith by drugging and overserving Plaintiff to facilitate the sexual battery.

It seems plain that drugging and sexual battery and misconduct do not serve Defendant's business interest in the slightest. *See, e.g.*, *id.* (no vicarious liability where alleged sexual assault was not in furtherance of employment or business interest); *Grice v. Air Prods. and Chem., Inc.*, No. No. 3:98cv205/RV, 2000 WL 353010, at *14 (N.D. Fla. Feb. 17, 2000) (sexual misconduct of employee that occurred within time and space limits of employment not actionable where plaintiff presented no evidence from which fact finder could determine employee's actions were type of conduct he was employed to perform or that he was in any way motivated by desire to serve employer); *Degitz v. Southern Mgm't Servs., Inc.*, 996 F. Supp. 1451, 1462-62 (M.D. Fla. 1998) (plaintiff failed to show that employee's alleged assault was in any way intended to serve the employer); *Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.*, 783 So. 2d 353, 357-58 (Fla. 3d DCA 2001) (sexual assault by pastor not in furtherance of business of church even though pastor had access to victim because of his position); *Elders v. United Methodist Church*, 793 So. 2d 1038, 1041 (Fla. 3d DCA 2001) (sexual misconduct of pastor not part of job responsibilities of a minister and was for personal motives of the pastor and not designed to further interests of church); *Mason v. Fla. Sheriffs' Self-Ins. Fund*, 699 So. 2d 268, 270 (Fla. 5th DCA 1997) (sexual assault by officer was not within scope of employment even though officer was on duty, in uniform, and serving warrant on woman he raped); *Agriturf Mgm't, Inc. v. Roe*, 656 So. 2d 954, 955 (Fla. 2d DCA 1995) (sexual abuse occurring on property during time perpetrator closed business

was not within scope of employment because sexual abuse was not in furtherance of employer's business objectives).

To the extent that Plaintiff now attempts to argue that overserving alcohol was conceivably a misguided attempt by the bartender to serve the business interest of Defendant, she has not explained how overserving complimentary glasses of wine to facilitate sexual assaults arguably furthered Defendant's business interest as opposed to the bartender's personal interest. Moreover, claims arising from the overserving of alcohol are restricted by § 768.125, *F.S.*, which limits the liability of sellers and furnishers of alcohol for injuries resulting from intoxication.[3] Operation of this statute essentially negates the duty element of the prima facie case that Plaintiff must establish to prevail on any negligence claims related to overserving.

Considering the record evidence and facts in light most favorable to Plaintiff, the Court concludes, as a matter of law, that the bartender's alleged acts – drugging, overserving alcohol, and facilitating sexual battery and misconduct – are not part of the bartender's job responsibilities and did not occur in furtherance of the business objectives of her employer. Plaintiff has not provided or pointed to any

---

[3] Plaintiff is not a minor and has not presented any evidence whatsoever to show that the bartender unlawfully and knowingly sold alcohol to Plaintiff as a person habitually addicted to the use of alcohol. *See Russo v. Plant City Moose Lodge No. 1668*, 656 So. 2d 957, 958-59 (Fla. 2d DCA 1995) (affirming grant of summary judgment because plaintiff did not present evidence to show that defendant knowingly served alcohol to habitual drinker that caused motor vehicle accident); *People's Restaurant v. Sabo*, 591 So. 2d 907, 907-08 (Fla. 1991) (affirming denial of summary judgment due to genuine issue of material fact where driver presented sufficient evidence that he was an alcoholic and bartenders were aware but served him alcohol anyway).

evidence from which a reasonable fact finder could determine the bartender's alleged actions were in any way motivated by a desire to serve Defendant as opposed to a desire to serve herself or Smith. Consequently, Defendant cannot be held liable, as a matter of law, under the liability theories asserted in this case. Defendant's motion for summary judgment is granted.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

1) Defendant's supplemental motion for summary judgment (Doc. 92) is **GRANTED**.

2) The Clerk is directed to enter judgment in favor of Defendant Neighborhood Restaurant Partners d/b/a Applebee's, and against Plaintiff Charmaine Saunders, on each count of the amended complaint (Doc. 40).

3) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of October, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**